1  Jeffrey Schwartz, Esq.
   jschwartz@forthepeople.com
2  CA Bar No: 254916
   Morgan & Morgan, P.A.
3  633 W. 5th Street, #2200
   Los Angeles, CA 90071
4  Tel: (213) 757-6072
   Fax:  (213) 757-6172
5

6

7

8                 **UNITED STATES DISTRICT COURT**

9        **CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION**

10

11                                              CASE NO.

12  **JESSE KNIGHT, on his own behalf**
    **and on behalf of those similarly situated,**

13                                              **COMPLAINT & DEMAND FOR**
              **Plaintiff,**                     **JURY TRIAL**
                                                **(Collective Action Complaint)**
14        **vs.**

15  **MOTIVE ENERGY**
    **TELECOMMUNICATIONS**
16  **GROUP, INC.**

17             **Defendants.**

18

19

20        Plaintiff, JESSE KNIGHT, on his own behalf and on behalf of those similarly

21  situated ("Plaintiff"), was an employee of Defendant, MOTIVE ENERGY

22  TELECOMMUNICATIONS GROUP, INC. ("Motive" or "Defendant"), and brings

23

24  this action for unpaid overtime compensation, liquidated damages, declaratory relief

25  and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b)

26  (the "FLSA").

27

28

**INTRODUCTION**

1.      Plaintiff brings this action pursuant to 29 U.S.C. § 216(b) and 29 U.S.C. § 207(a).

2.      The Fair Labor Standards Act was passed in 1938. Its principal purpose was to protect all covered workers from substandard wages and oppressive working hours, labor conditions that are detrimental to the maintenance of minimum standards of living necessary for health, efficient, and the general well-being of workers. *Barrentine v. Arkansas-Best Freight System, Inc.*, 450 U.S. 728, 739, 101 S.Ct. 1437, 1444 (1981).

3.      Section 7(a) of the FLSA requires payment of time-and-one-half an employee's regular hourly rate whenever a covered employee works in excess of forty (40) hours per work week. 29 U.S.C. § 207(a).

4.      The liquidated damages provision of the FLSA constitutes a congressional recognition that failure to pay the statutory minimum on time may be so detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and the general well-being of workers and to the free flow of commerce, that double payment must be made in the event of a delay in order to insure restoration of the worker to that minimum standard. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 707-08, 65 S.Ct. 895, 902 (1945).

5.      To the extent any partial payments have been made by Defendant to Plaintiff of the disputed amounts at the time of the filing of this complaint, this action

seeks to recover judgment in favor of Plaintiff and against Defendant as well as all remaining damages, including but not limited to liquidated damages and reasonable attorneys' fees and costs. *See id.*

6.      The Defendant in this case violated the FLSA by failing to pay Plaintiff and other similarly-situated technicians time and one half for all of their hours worked over forty (40) each week.

7.      This action is intended to include each and every technician who worked for Defendant in the United States at any time within the past three (3) years.

## PARTIES

8.      Plaintiff, and those similarly situated individuals ("class members"), were technicians/field workers (hereinafter described as "field workers") performing services for Defendant throughout the United States.

9.      Defendant, Motive, is a California Corporation.

10.      Defendant is a "nationwide solutions provider" with over twenty (20) years of experience in telecommunications.   *See* Defendant's website at https://motiveis.com/about-us/. Defendant provides telecommunications solutions from initial integration to long-term service management. *Id.*

11.      Defendant employs field workers, like Plaintiff, to carry out the integration and service of its telecommunications infrastructure. *See id.*

12.      According to Defendant's website, "field employees are the reason for [Defendant's] success. Nothing Motive Infrastructure has accomplished would have

been possible without [its field workers'] hard work, dedication, and countless days spent away from family and friends." *Id.*

## JURISDICTION AND VENUE

13.    This Court has original jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 as they arise under the FLSA, 29 U.S.C. § 201, *et seq.*

14.    Defendant, Motive, operates nationwide including in Orange County, California where it is incorporated and maintains its principal place of business. Therefore, venue is proper in the Central District of California, Eastern Division, pursuant to 28 U.S.C. § 1391(b)(1) & (c).

## COVERAGE

15.    At all material times during the last three years, Defendant was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203 (s).

16.    At all material times during the last three years, Defendant was an employer as defined by 29 U.S.C. § 203(d).

17.    At all material times during the last three years, Defendant has had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

18.    At all material times during the last three years, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 203(s)(1) of the FLSA, in that the company had two or more employees:

4

a.  Engaged in commerce; or

b.  Engaged in the production of goods for commerce; or

c.  Handling, selling or working on goods or materials that have been moved in or produced for commerce. (i.e. computers, telephones, tools and equipment).

## **FACTUAL ALLEGATIONS**

19.    Defendant, Motive, is a company classified as a telecommunications solutions provider.

20.    Defendant employs hundreds of field workers who carry out the integration and service of Defendant's telecommunications infrastructure nationwide.

21.    Defendant employs field workers in California, Arizona, New Mexico, Nevada, Florida, Idaho, Oregon, Washington, Colorado, and Texas. *See* https://motiveis.com/locations/, attached as **Exhibit 1**.

22.    Defendant has a common pay policy and/or pay practice which fails to pay its technicians at a rate of time and one-half their regular rate of pay for all hours worked in excess of forty (40) per week.

23.    Plaintiff, Jesse Knight, performed non-exempt field worker services for Defendant in Colorado.

24.    Plaintiff worked in this capacity from approximately February 2022 to January 2023.

25.    Plaintiff and similarly situated field workers' ("Class Members") primary job duty is/was installing, replacing, and repairing telecommunications systems equipment.

26.    Plaintiff and similarly situated field workers are/were paid an hourly rate in exchange for the work performed for Defendant.

27.    During the last three years, Defendant failed to pay Plaintiff and similarly situated field workers all overtime compensation due to them.

28.    Plaintiff and those similarly situated to him routinely worked in excess of forty (40) hours per week as part of their regular job duties.

29.    Despite working more than forty (40) hours per week, Defendant failed to pay Plaintiff, and those similarly situated to him, overtime compensation at a rate of time and a half of their regular rate of pay for hours worked over forty (40) in a workweek.

30.    Upon information and belief, Defendant had/has a company-wide policy of failing to pay its technicians proper overtime compensation for all of their overtime hours worked; specifically, a company-wide policy of classifying all hours over forty (40) as "drive time" hours and paying out those hours at employees' straight-time hourly rate of pay, despite such hours being compensable drive time, or not being related to drive time whatsoever. *See* Plaintiff's Pay Period Summary reflecting Plaintiff's overtime hours reflected as "drive time," attached as **Exhibit 2**.

31.    For example, a typical week for Plaintiff was as follows:

a. On Monday morning at 7:00 a.m., Plaintiff would arrive at Defendant's workshop to pick up his work truck and load the vehicle with required materials. On days where Plaintiff picked up the truck at Defendant's workshop and performed more than de minimis work, Plaintiff would clock in at the workshop.

b. Plaintiff then drove the truck to the jobsite.

c. At the end of the day, Plaintiff would clock out at the job site and then drive the truck home.

d. The remainder of the week, Plaintiff drove the truck straight from home to the job site. On these days, Plaintiff would clock in once he arrived at the job site.

e. On Friday afternoons, Plaintiff would drive the truck back to Defendant's workshop. Even on days Plaintiff drove the truck back to Defendant's workshop, Plaintiff clocked out at the job site.

32. As evidenced by the foregoing, all of Plaintiff's overtime hours being classified as "drive time" constitute compensable hours worked and should have been paid at one-and-one-half times Plaintiff's hourly rate of pay.

33. This policy applied uniformly to Plaintiff and those similarly situated to him.

34.     Defendant's policy of paying compensable overtime hours worked at employees' straight time rate of pay, rather than at time-and-one-half, violates the FLSA.

35.     Defendant knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay proper overtime compensation with respect to Plaintiff and those similarly situated to him.

36.     On numerous occasions, Plaintiff complained to his manager about Defendant's policy of classifying overtime hours as "drive time" hours despite those hours being worked at the job site.

37.     Plaintiff's manager responded: "this is how we do it."

38.     Defendant did not act in good faith or reliance upon any of the following in formulating its pay practices: (a) case law, (b) the FLSA, 29 U.S.C. § 201, *et seq.*, (c) Department of Labor Wage & Hour Opinion Letters or (d) the Code of Federal Regulations.

39.     Defendant has acted willfully in failing to pay Plaintiff, and those similarly situated to him, in accordance with the law.

## COLLECTIVE ACTION ALLEGATIONS

40.     Plaintiff and the class members performed the same or similar job duties as one another in that they performed field worker duties on behalf of Defendant.

41.     Plaintiff and the class members were all hired by Defendant to perform field worker duties on behalf of Defendant's customers.

42.     Plaintiff and the class members were paid an hourly rate for the work performed.

43.     Plaintiff and the class members worked similar hours and usually worked more than forty (40) hours per week.

44.     Plaintiff and the class members were subjected to the same pay provisions, inasmuch as they were not compensated at time-and-one-half of their regular rate for all hours worked in excess of forty (40) hours in a workweek as a result of Defendant's company-wide policies referenced herein. Thus, the class members are owed overtime wages for the same reasons as Plaintiff.

45.     Defendant's failure to compensate Plaintiff and the class members proper overtime pay for all hours worked in excess of forty (40) hours in a workweek as required by the FLSA results from a uniform pay policy, applicable to all putative class members herein.

46.     These policies or practices were applicable to Plaintiff and the class members.

47.     Application of these policies or practices does/did not depend on the personal circumstances of Plaintiff or those joining this lawsuit.  Rather, the same policy or practice which resulted in the non-payment of overtime wages to Plaintiff applies to all class members.  Accordingly, the class members are properly defined as:

**All field workers who worked for Defendant within the United States during the last three (3) years and who were not compensated at time-and-one-half of their regular rate of pay for all hours worked in excess of forty (40) hours in one or more workweeks.**

## COUNT I - RECOVERY OF OVERTIME COMPENSATION

48.     Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-47 above.

49.     Plaintiff, and those similarly situated to him, are/were entitled to be paid time and one-half of their regular rate of pay for each hour worked in excess of forty (40) per workweek.

50.     During his/their employment with Defendant, Plaintiff, and those similarly situated to him, regularly worked overtime hours but was/were not paid time and one-half compensation for each of those hours during one or more workweeks.

51.     As a result of Defendant's intentional, willful, and unlawful acts in refusing to pay Plaintiff, and those similarly situated to him, time and one-half of their regular rate of pay for each hour worked in excess of forty (40) per workweek in one or more workweeks, Plaintiff, and those similarly situated to him, has/have suffered damages, plus incurring reasonable attorneys' fees and costs.

52.     As a result of Defendant's willful violation of the FLSA, Plaintiff, and those similarly situated to him, is/are entitled to liquidated damages.

53.     Plaintiff is entitled to recover his attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiff, and those similarly situated employees, demand judgment against Defendant for:

a) Designation of this action as a collective action under the terms of 29 U.S.C. §216(b) to all similarly situated members of the FLSA Opt-in Class, apprising them of the pendency of this action and permitting them to assert their FLSA claims in this action through individual consent;

b) The payment of all overtime hours at time and one-half the regular rate of pay for the hours worked by him/them for which Defendant did not properly compensate him/them;

c) Liquidated damages;

d) Reasonable attorneys' fees and costs incurred in this action;

e) Pre- and post-judgment interest as provided by law;

f) Trial by jury on all issues so triable.

g) Any and all further relief that this Court determines to be appropriate.

## **JURY DEMAND**

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

Dated: August 1, 2023

Respectfully submitted by,

/s/ Jeffrey Schwartz
Jeffrey Schwartz, Esq.
CA Bar No: 254916
Morgan & Morgan, P.A.
633 W. 5th Street, #2200
Los Angeles, CA 90071
Tel: (213) 757-6072
Fax: (213) 757-6172
Email: jschwartz@forthepeople.com
*Local 83-2.1.3.4 Counsel for Plaintiffs*